IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:10-CV-175-D

| | | |
|---|---|---|
| JOSEPH T. HARANZO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NORTH CAROLINA DEPARTMENT OF VOCATIONAL REHABILITATION SERVICES and WILLIAM ROSS, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

On November 23, 2010, Joseph T. Haranzo ("plaintiff" or "Haranzo"), proceeding pro se, sued the North Carolina Department of Vocational Rehabilitation Services ("NCDVRS") and its employee William Ross (collectively "defendants") [D.E. 1]. Haranzo's complaint is unintelligible, but he seeks $100,000 in damages from NCDVRS, $50,000 in damages from Ross, and injunctive relief.

On December 22, 2010, defendants filed a motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure [D.E. 5]. On January 11, 2011, Haranzo responded in opposition [D.E. 8].

A federal court first must determine whether is has subject-matter jurisdiction. See, e.g., Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005). Heranzo, as the party asserting subject-matter jurisdiction, must prove that it exists. See, e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 104 (1988); Loven v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

Diversity jurisdiction does not exist as to Ross in light of his North Carolina citizenship and Haranzo's North Carolina citizenship and the amount in controversy. See, e.g., 28 U.S.C. § 1332(a). Likewise, the Eleventh Amendment bars Haranzo's claim against NCDVRS. See, e.g., Will v. Mich. Dep't of State Police, 491 U.S. 58, 65–66 (1989). Finally, nothing in the complaint suggests a basis for federal question jurisdiction. See, e.g., 28 U.S.C. § 1331.

Haranzo's latest attempt at litigation fares no better than his last. See, e.g., Haranzo v. Va. Dep't of Rehabilitative Servs., 182 F. App'x 189, 190 (4th Cir. 2006) (per curiam) (unpublished). Thus, defendants' motion to dismiss [D.E. 5] is GRANTED. In light of this disposition, the court need not address defendants' arguments under Rule 12(b)(6). Nothing in this order precludes Haranzo from seeking relief in the state courts of North Carolina.

SO ORDERED. This 11 day of May 2011.

JAMES C. DEVER III
United States District Judge